IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL ROSA-DIAZ,  )<br>    Plaintiff,                )<br>                             )<br>    v.                           )<br>                             )<br>M. OVERMYER, et al.,    )<br>    Defendants.       )| C.A. No. 17-215 Erie<br><br><br><br>Judge Susan Paradise Baxter |

## MEMORANDUM ORDER

Presently pending before the Court is Defendants' Motion to Enforce Settlement Agreement (ECF No. 46). Similar motions are currently pending in two other active cases that have been filed by Plaintiff against various individuals employed by the Pennsylvania Department of Corrections: *Rosa-Diaz v. Gatto, et al.*, 17-cv-152-SPB-RAL in this Court and *Rosa-Diaz v. Harry, et al.*, 17-cv-2215-SSR in the Middle District of Pennsylvania ("Middle District case"). The Pennsylvania Office of Attorney General represents all Defendants in all three cases.

By way of background, on April 10, 2019, this Court entered an Order in this case scheduling a settlement conference for October 22, 2019. [ECF No. 34]. On September 25, 2019, Attorney John Mizner entered his appearance on behalf of Plaintiff in this case [ECF No. 42]. On October 17, 2019, Attorney Mizner filed with this Court a Notice stating that the parties had reached an "amicable settlement of all claims" and that the settlement conference scheduled for October 22 was no longer necessary. [ECF No. 44]. Accordingly, this case was closed administratively, and the parties were ordered to file a stipulation of settlement and dismissal by December 6, 2019. [ECF No. 45]. However, no stipulation was filed.

1

The instant motion to enforce settlement [ECF No. 46] was filed by Attorney Bradley on January 2, 2020. In his motion, Attorney Bradley states that he and Attorney Mizner had agreed to settle all claims in all three of Plaintiff's pending cases, referenced above, and he prepared a written settlement agreement and release, accordingly (ECF No. 46, at ¶ 17). On October 31, 2019, Attorney Mizner informed Attorney Bradley, by email, that Plaintiff refused to sign the release because Plaintiff claimed Attorney Mizner was not authorized to settle the Middle District case. (Id. at ¶ 18). Nonetheless, Attorney Mizner took the position that he did, indeed, have Plaintiff's authority to settle all three cases on the agreed upon terms. (Id. at ¶ 19; ECF No. 49, Attorney Mizner's response, at ¶ 19).

On January 15, 2020, this Court held a telephonic hearing on Defendants' motion, which was attended by Attorneys Bradley and Mizner, as well as Plaintiff on his own behalf. During this hearing, Attorney Mizner represented to the Court that it was his understanding that he had authority from Plaintiff to include the Middle District case in the settlement he negotiated with Attorney Bradley. (ECF No. 51, Hearing transcript, at pp. 3, 5). However, Plaintiff emphatically testified at the hearing that he "never discussed anything with Mr. Mizner about the case in the Middle District at all," and that he was not willing to take the settlement, as presented (Id. at p. 10).

Following the hearing, Plaintiff filed, on his own behalf, a brief in opposition to Defendants' motion to enforce settlement [ECF No. 54], in which he reiterates that he never had a conversation with Attorney Mizner about the Middle District case, nor did he agree to include that case in any settlement discussions (Id. at p. 2).

"Because the enforceability of settlement agreements is governed by the principles of contract law, a meeting of the minds is required." Young v. City of Pittsburgh, 2013 WL

2

12133964, at *1 (W.D.Pa. Apr. 23, 2013), citing Mazzella v. Koken, 739 A.2d 531, 536 (Pa. 1999). As with all contracts, in the formation of an enforceable settlement agreement, "the minds of the parties should meet upon all of the terms, as well as the subject-matter." Id. (citations omitted). If all of the material terms of a bargain are agreed upon, the settlement will be enforced. Id. at 537.

In addition, Pennsylvania law requires that an attorney possess express authority in order to settle a client's claim. See Polier v. Allegheny Cnty., 599 Fed.Appx. 425, 426 (3d Cir. 2015) ("In Pennsylvania, 'an attorney must have express authority to settle a cause of action for the client,'" quoting Rothman v. Fillette, 503 Pa. 259, 469 A.2d 543, 545 (1983). "Express authority empowering an attorney to settle a client's claim 'must be the result of explicit instructions regarding settlement.'" Pisarz v. PPL Corp., 2014 WL 220778, at *1 (M.D.Pa. Jan. 21, 2014)(internal citation omitted). "An attorney-client relationship does not, without more, confer upon the attorney the authority to settle his client's case." Smith v. Delaware Valley Auto Spring Co., 642 F. Supp. 1112, 1115 (E.D. Pa. 1986) (citations omitted). Thus, "an attorney may not enter a settlement on behalf of his client without the client's grant of express authority, and such express authority can only exist where the principal specifically grants the agent the authority to perform a certain task on the principal's behalf." Polier, 599 Fed. Appx. at 426-27 (internal citation and quotation marks omitted).

Here, although the Court does not doubt the sincerity of Attorney Mizner's belief that he had such authority, Plaintiff has persuaded the Court that there was no meeting of the minds between the parties as to the inclusion of the Middle District case in the settlement agreement. Moreover, this Court does not have jurisdiction to enforce the settlement of a case from another district, although it could enforce the settlement if it were limited to Plaintiff's two pending cases

3

before this Court. Since it appears to be Attorney Bradley's position that all three cases must be included in the settlement, or there is no settlement at all (ECF No. 51, at p. 3), this option is presently unavailable to the undersigned. Thus, the settlement agreement, as constituted, cannot be enforced.

AND NOW, this 6th day of April, 2020,

IT IS HEREBY ORDERED that Defendants' motion to enforce settlement agreement [ECF No. 46] is DENIED. The Clerk is directed to reopen this case. This matter will be rescheduled for trial following normal resumption of the court's trial schedule.

s/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States District Judge